PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the referee’s report. Neither party seeks review of the report.
The referee’s findings of misconduct are set forth in three counts. On count one, the referee found that respondent agreed to provide legal services to a client and was paid a retainer. Although respondent performed part of the work, he failed to clear a land title for the client and failed to communicate with the client. The respondent’s delay caused a land sale contract to be rescinded. The referee recommended that respondent be found guilty of violating the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty) and 6-101(A)(3) (neglect of a legal matter).
On count two, the referee found that respondent agreed to provide legal services to a client and was paid a retainer. Respondent was expected to clear the title to land held by an estate. The client made clear that there was a limited time in which the work had to be done. Respondent caused delays and later demanded an additional fee to complete the matter. The referee recommended that respondent be found guilty of violating Disciplinary Rule 6-101(A)(3) (neglect of a legal matter).
On count three, the referee found that respondent, after being retained to provide legal services, failed to return telephone calls, failed to keep appointments, and failed to pursue the matter referred to him by the clients. The referee recommended that respondent be found guilty of violating Disciplinary Rules 6-101(A)(3) (neglect of a legal matter) and 7-101(A)(2) (failure to carry out a contract of employment).
The Florida Bar and the respondent submitted to the referee a joint recommendation on discipline. The referee adopted it and accordingly recommends that respondent be suspended from the practice of law for thirty days. We approve the referee’s report and order attorney Herbert P. Sapp, Jr., suspended from the practice of law for thirty days. Pursuant to rule 3-5.1(h), respondent must provide notice of this suspension “to all of his clients with matters pending” in his practice. As respondent has already been suspended in separate proceedings, this suspension shall take effect immediately and run concurrently with the other suspension.
The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $1,537.22 is hereby entered against Herbert P. Sapp, Jr., for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.